UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Mid-List Press,<br><br>Plaintiff,<br><br>vs.<br><br>James L. Nora, Sr.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | FILE NUMBER: 02-CV-68 (DSD/SRN)<br><br>**STIPULATION AND THIRD AMENDED PRETRIAL SCHEDULING ORDER** |

**STIPULATION**

The parties, by and through their respective counsel, stipulate and agree that the Court may enter the following Third Amended Pretrial Scheduling Order.

GRAY, PLANT, MOOTY,
MOOTY & BENNETT, P.A.

Dated: January 10, 2003.

By [signature]
Laura J. Hein (#155160)
3400 City Center
33 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: 612-343-2800

Attorneys for plaintiff Mid-List Press

JACOBBERGER, MICALLEF & ASSOCIATES

Dated: January 7, 2003.

By [signature]
Fred R. Jacobberger (#4927X)
2720 Maplewood Drive
Maplewood, Minnesota 55109-5509
Telephone: 651-766-4605

Attorneys for defendant James J. Nora, Sr.

FILED JAN 13 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

# ORDER

Based upon the files and records herein, and upon the arguments of counsel, the Court being fully advised on the premises,

IT IS HEREBY ORDERED that the Third Amended Pretrial Scheduling Order in the form set forth below is GRANTED.

## THIRD AMENDED PRETRIAL SCHEDULING ORDER

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court as amended effective November 1, 1996, and in order to secure the just, speedy, and inexpensive determination of this action, the following schedule shall govern this proceeding. The schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.

Pleadings/Disclosures

| | |
|---|---|
| Completed - | All pre-discovery disclosures required by Rule 26(a)(1) have been completed. |
| May 15, 2002 - | All motions which seek to amend the pleadings or add parties must be served and filed. |

Discovery/Nondispositive Motions

Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made as follows:

| | |
|---|---|
| June 15, 2002 | By Plaintiff |
| July 1, 2002 | By Defendant |
| August 1, 2002 | All discovery of any kind shall be commenced in time to be completed by this date, **with the exception of discovery that is the subject of the Court's November 1, 2002 Order.** |

| | |
|---|---|
| August 5, 2002 | All nondispositive motions and supporting documents, including those which relate to discovery, shall be served and filed. Nondispositive motions may be scheduled for hearing by calling Beverly Riches, Calendar Clerk to Magistrate Judge Susan Richard Nelson, 651-848-1200. All nondispositive motions shall be scheduled, filed, and served in compliance with Local Rules 7.1, 37.1 and 37.2. A Reply Memorandum not exceeding five pages may be delivered to opposing counsel and the chambers of this Court no later than 9:00 a.m. on the business day preceding the hearing. |

Dispositive Motions/Trial

| | |
|---|---|
| April 7, 2003 | All dispositive motions shall be served and filed by the parties. Counsel are reminded that they must anticipate the time required for scheduling this hearing by calling Calendar Clerk Connie Baker, 612-664-5063. All dispositive motions shall be scheduled, filed, and served in compliance with Local Rule 7.1. See particularly Local Rule 7.1(b)(2)(A) through (E). |

**This case shall be ready for trial** at the conclusion of discovery or upon resolution of any dispositive motion, and **no later than August 1, 2003**. The parties estimate that trial of this Jury matter will take 2-3 days.

General

No more than 5 depositions shall be taken by any party.

No more than 30 Interrogatories, 35 Document Requests, and 30 Requests for Admissions (including all subparts) shall be served by any party.

Each party may depose no more than one expert.

Each party may call no more than one expert at trial.

Dated: January 13, 2003.

BY THE COURT:

Susan Richard Nelson
Susan Richard Nelson
United States Magistrate Judge

GP:950221 v1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

## NOTICE

The latest amendments to the federal rules of procedure, (Civil, Criminal, Appellate and Bankruptcy), went into effect on December 1, 2002. The new amendments and related committee notes can be found at www.uscourts.gov/rules/amendments0202.htm.

One change is particularly noteworthy. That is Rule 7.1 of the Federal Rules of Civil Procedure. This rule requires that corporations file a "disclosure statement" whenever they initially appear as a party in a federal court action. The Rule 7.1 Disclosure Statement must identify "any parent corporation and any publicly held corporation that owns 10% or more" of the stock of the corporate party filing the statement. The purpose of the disclosure statement is to help judges and magistrate judges identify potential conflicts of interest. (Similar disclosure statement requirements are prescribed by Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 12.4 of the Federal Rules of Criminal Procedure.)

Beginning December 1, 2002, a Rule 7.1 Disclosure Statement must be filed by every corporation when it first appears in a federal action, even if the corporation merely reports that there is no parent corporation or publicly held corporation that owns 10% or more of its stock. These Disclosure Statements must also be filed retroactively, for every corporation which is a party to an action pending in this District as of December 1, 2002. The retroactive Rule 7.1 statements must be filed immediately.

It also should be noted that there have been extensive stylistic changes, (as well as a few substantive changes), to the Federal Rules of Criminal Procedure. Attorneys who appear in federal criminal cases should review the amended version of the Rules.