UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 02-68(DSD/SRN)

Mid-List Press,

Plaintiff,

v. **ORDER**

James J. Nora, Sr.,

Defendant.

Laura J. Hein, Esq. and Gray, Plant, Mooty, Mooty & Bennett, 3400 City Center, 33 South Sixth Street, Minneapolis, MN55402, counsel for plaintiff.

Fred R. Jacobberger, Esq. and Jacobberger, Micallef & Associates, 2720 Maplewood Drive, Maplewood, MN 55109, counsel for defendant.

This matter is before the court upon the motion of plaintiff Mid-List Press for a finding that defendant James Nora, Sr., is in contempt of the court's order of July 30, 2003, and defendant's motion for a stay or modification of the July 30, 2003, order. For the following reasons, plaintiff's motion is granted and defendant's motion is denied.

**BACKGROUND**

In its July 30, 2003, order, the court granted summary judgment in favor of plaintiff on its allegations of false designation of origin, deceptive trade practices and breach of

NOV 17 2003
FILED
Richard D. Sletten, CLERK
Judgment Entd.
Deputy Clerk's Initials

fiduciary duty by a director or officer and dismissed plaintiff's claim of conversion. The court found that injunctive relief was appropriate and ordered, inter alia, that defendant cease any further use of plaintiff's assigned International Standard Book Numbers ("ISBNs"), return a duplicate log book of those ISBNs and not make any further representations that he is affiliated in any way with Mid-List Press. The court further ordered that defendant cease any further publication, sale, promotion, distribution or display of defendant's book <u>Songs of a Brazen Bull</u> that in any manner uses or refers to plaintiff's trade name or ISBN. The court also ordered that defendant account for and recall all copies of <u>Songs of a Brazen Bull</u> bearing or referring to plaintiff's mark or ISBN. All such copies were ordered destroyed or modified so as to no longer bear any mark or reference to Mid-List Press or its ISBN. Finally, the court retained continuing jurisdiction over the injunction.

Plaintiff now asks the court to hold defendant in contempt of that order. Plaintiff alleges that defendant has repeatedly failed to respond to inquiries regarding defendant's compliance with the order or to give any assurances of compliance. Plaintiff further alleges that defendant has failed to return the duplicate ISBN log book, in direct violation of the court's order. Finally, plaintiff

alleged at oral argument that after the court's order was issued, defendant publicly informed a Minneapolis area newspaper that he remains the sole owner of Mid-List Press.

Defendant responded to plaintiff's motion with a pleading styled "Memorandum in Opposition to Motion and Memorandum in Support of Motion for Stay Pending Appeal." However, defendant did not file notice of the purported motion to stay or otherwise comply with the requirements of either the Federal Rules of Civil Procedure or the local rules of this district in effecting such motion. See Fed. R. Civ. P. 5; D. Minn. LR 7.1. Because defendant's motion was not properly noticed and served, plaintiff was not afforded an opportunity to present a reply brief, as permitted by D. Minn. LR 7.1(a)(2). Where a party fails to comply with the rules governing motion practice, the court may "proceed in such ... manner as the Court deems appropriate." D. Minn. LR 7.1(d); see also D. Minn. LR 7.1(f) (prohibiting memoranda of law not otherwise provided for in the rules). Therefore, the court construes defendant's memorandum solely as opposing plaintiff's motion and denies the purported motion to stay as improperly before the court.

The thrust of defendant's opposition to plaintiff's motion is that he does not have the duplicate log book "in his possession," that it has no inherent value and that he could no longer

"legitimately" use the ISBNs in any event.[1] (Def.'s Mem. in Opp'n at 10; Nora Aff. of Oct. 30, 2003 at ¶ 8; Nora Aff. of Nov. 7, 2003 at ¶ 3.) He further contends that he has provided an accounting of the outstanding volumes of the book. (Nora Aff. of Oct. 30, 2003 at ¶ 12.) Defendant admits, however, that he has not destroyed or modified all existing copies of the book that bear the mark and ISBN of Mid-List Press. (Nora Aff. of Oct. 30, 2003 at ¶ 11.) He asks that the court modify its order pending appeal of the court's grant of summary judgment in plaintiff's favor.

**DISCUSSION**

It is well established that the court possesses the inherent power to enforce its orders. See Shillitani v. United States, 384 U.S. 364, 370 (1966); Taylor v. Finch, 423 F.2d 1277, 1279 (8th Cir. 1970). Congress has defined the scope of the contempt power as follows:

> A court of the United States shall have such power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as -- (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice; (2) Misbehavior of

---

[1] The court notes, however, that in his memorandum, defendant argues "[t]here is no harm, however, to the Plaintiff, if the Defendant keeps the duplicate ISBN log book in his possession. It is something that is his, and belongs to him. There is no reason for MLP to have this copy." (Def.'s Mem. in Opp'n at 6.) To the contrary, the court's order of July 30, 2003, itself provides ample reason for defendant to return the duplicate log book.

> any of its officers in their official transactions; (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

18 U.S.C. § 401.

In matters of civil contempt, the court may fashion remedial sanctions that are both coercive and compensatory. See Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 505 (8th Cir. 2000). A party seeking an order of contempt must show by clear and convincing evidence that a judicial order has been violated. See Chicago Truck Drivers, 207 F.3d at 505. An alleged contemnor may avoid sanction by showing precisely and in detail that present compliance is impossible, through no fault of the contemnor, and that all reasonable, good faith efforts have been made to comply. See United States v. Santee Sioux Tribe of Nebraska, 254 F.3d 728, 736 (8th Cir. 2001). The filing of an appeal of a district court's order does not relieve a party of the obligation to abide by that order. See In re Ragar, 3 F.3d 1174, 1180 (8th Cir. 1993). "A court's order must, in all but the most extreme cases, be obeyed, unless the party against whom the order is directed can obtain a stay." Id. Violation of a district court order constitutes contempt even if that order was subsequently overturned on appellate review. See United States v. United Mine Workers of America, 330 U.S. 258, 293-94 (1947).

In this case, defendant's admission provides clear and convincing evidence that he has not returned the duplicate ISBN log

book or destroyed or modified all outstanding copies of Songs of a Brazen Bull published with the Mid-List Press mark and ISBN. As for plaintiff's other assertions, the court does not agree that defendant had a duty to offer assurances of compliance to plaintiff's counsel. Nor does the court find that the statements allegedly made to the Minneapolis area newspaper violated that part of the court's order prohibiting assertions of affiliation with Mid-List Press. Defendant's comments, if made at all, appear only to have described the basis of his pending appeal.

As for defendant's failure to return the duplicate log book, defendant claims that he no longer possesses the duplicate log book, that he has searched for it and that he may have discarded it or given it to prior counsel. (Nora Aff. of Oct. 30, 2003 at ¶ 8; Nora Aff. of Nov. 7, 2003 at ¶ 3.) He contends that he does not remember what happened to the log book. The court is skeptical about the sincerity of these assertions in light of defendant's contention that the duplicate log book is his and that plaintiff will not be harmed if he keeps it. Nonetheless, in the absence of clear and convincing evidence to the contrary, it must conclude that defendant's affidavits meet the criteria justifying non-compliance set forth in Santee Sioux Tribe, 254 F.3d at 736.

However, as for defendant's failure to modify or destroy existing copies of the book bearing the Mid-List mark or ISBN, the court finds no excuse for defendant's truculence. The only

discernable rationale for defendant's non-compliance is his disagreement with the court's order. Defendant states, "I would rather, however, not destroy these books, pending the outcome of [the appeal]." (Nora Aff. of Oct. 30, 2002 at ¶ 11.) He continues, "I see absolutely no harm that could occur to Mid-List Press if I kept these books in my possession, without their destruction." (Id. at ¶ 13.)

While the court might have looked more favorably upon defendant's position had he brought a proper and timely motion to stay immediately after the order issued, he did not do so. Instead, defendant unilaterally chose to disregard that portion of the court's order and obviously would have continued to do so had plaintiff not brought the instant motion. It was only after plaintiff called defendant's non-compliance to the court's attention that defendant, belatedly and improperly, moved for a stay. "One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." Chicago Truck Drivers, 207 F.3d at 504.

The court may apply civil contempt to compensate a complainant for losses sustained as a result of the contemnor's non-compliance. See id. at 505. In this case, it would be unjust for plaintiff to bear the cost of securing defendant's compliance with the court's order. Therefore, defendant will be required to pay to plaintiff

the reasonable costs and fees, including attorney's fees, for bringing the present motion, once plaintiff has presented proper documentation of such costs.

The contempt sanction may also be applied to coerce compliance with a court order. See id. Where the court imposes the civil contempt sanction coercively, it must afford the contemnor an opportunity to comply. See Shillitani, 384 U.S. at 371. In determining the appropriate coercive sanction, the court must balance the character and harm of continued contumacy against the probable effectiveness of the sanction imposed. See United Mine Workers, 330 U.S. at 304. Because the contempt power is a potent weapon, it is to be used with great care. See Independent Federation of Flight Attendants v. Cooper, 134 F.3d 917, 920 (8th Cir. 1998). The court finds that defendant's non-compliance, if permitted to continue unabated, would mock the judicial process of the United States. See United Mine Workers, 330 U.S. at 290 n.56. Therefore, if defendant does not affirmatively demonstrate compliance with the court's order that he recall and modify or destroy all copies of Songs of a Brazen Bull bearing the mark of Mid-List Press or its assigned ISBN by 5:00 p.m. Central Standard Time on or before December 1, 2003, following the date of this order, he shall be fined in the amount of Five Hundred Dollars ($500) per day for each day thereafter that he remains in non-compliance.

## CONCLUSION

Having found that defendant, James Nora, Sr., is in contempt of this court's order dated July 30, 2003, **IT IS HEREBY ORDERED** that:

1. The motion of plaintiff Mid-List Press for an order of contempt [Docket No. 56] is granted.

2. The proposed motion of defendant James Nora, Sr., for a stay of the court's order of July 30, 2003, [Docket No. 59] is denied as improperly brought before the court.

**IT IS FURTHER ORDERED** that:

1. Upon plaintiff's proper showing of its reasonable costs and fees incurred in bringing the instant motion for a finding of contempt, Defendant James Nora, Sr., shall be ordered to reimburse plaintiff for such reasonable costs and fees.

2. By or before December 1, 2003, defendant James Nora, Sr. shall affirmatively demonstrate to the court that all copies of the work Songs of a Brazen Bull bearing a mark or ISBN associated with MLP have been destroyed or modified so as to no longer bear such mark or ISBN.

3. If defendant James Nora, Sr., fails to make such showing to the court by or before December 1, 2003, he shall be fined in

the amount of Five Hundred Dollars ($500) per day, beginning on the sixteenth day after the date of this order and continuing for each day thereafter until such showing of compliance has been made.

Dated: November 17, 2003

David S. Doty, Judge
United States District Court

For Immediate Release
October 30, 2003

# PRESS RELEASE

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
300 South Fourth Street, Suite 202, Minneapolis, Minnesota
Contact: Richard D. Sletten, Clerk, (612) 664-5026

## FEDERAL COURT AMENDS LOCAL PRACTICE RULES

The U.S. District Court for the District of Minnesota announces the approval, of amendments to its local rules of practice recommended by the Court's Federal Practice Committee chaired by Minneapolis Attorney Jeff Keyes of the Briggs and Morgan law firm.

Local Rules 67.1 and 83.11 amendments:

### LR 67.1 MONEY PAID INTO COURT

Unless otherwise ordered by the Court, all monies coming into the registry of this Court shall be deposited in an interest bearing account in a depository approved by the Treasurer of the United States, subject to withdrawl by checks drawn by the Clerk of Court pursuant to orders of the Court. The Clerk of Court shall deduct from the income earned on the investment a registry fee, as set by the Director of the Administrative Office of the United States Courts. The fee will be deducted when funds are withdrawn and distributed. For further registry fee information, refer to the Guide to Judiciary Policy and Procedures Chapter VII, Financial Management, Part I, Registry Funds.

### LR 83.11 DIVISIONS, OFFICES OF THE CLERK, CALENDARS

(a) Divisions. The State of Minnesota constitutes one judicial district, divided into six divisions. Cases in this District are assigned to particular divisions and particular judges pursuant to the Order for Assignment of Cases that has been adopted by the Judges of the District Court. The Order for Assignment of Cases may be modified from time to time as the District Court Judges see fit.

(b) Offices of the Clerk. The Clerk of Court maintains offices in St. Paul, Minneapolis, and Duluth. The St. Paul, Minneapolis and Duluth offices are open from 8:00 a.m. to 5:00 p.m. All offices are open Monday through Friday, with the following exceptions: New Year's Day; Martin Luther King, Jr.'s Birthday; President's Day; Memorial Day; Independence Day; Labor Day; Columbus Day; Veterans Day; Thanksgiving Day; and Christmas Day.

The files for matters pending before the Court are maintained in the office in the division to which the case is assigned. However, papers relative to any case may be filed in any office.

(c) Calendars. The Court operates on an individual calendar system. Judges in active service are assigned and assume responsibility for their proportionate share of the total cases filed in the district. Inquiries as to motions, probable trial date, or other matters having to do with a particular case may be addressed to the deputy clerk serving as calendar clerk for the Judge to whom the case has been assigned.